WILLIAM I. BARD, Doing Business as BILL BARD ASSOCIATES, Respondent, v. ARTHUR R. STEELE et al., Doing Business as COLE'S LAKESIDE CABINS AND MOTEL, et al., Defendants, and SHELTON COLOR CORPORATION, Appellant.

Third Department, October 31, 1967.

*Wiess & Costa* (*Lawrence E. Lagarenne* of counsel), for appellant.

*Seymour A. Kesten* (*Burton Ledina* of counsel), for respondent.

GIBSON, P. J.  Appeal is taken by a nonresident defendant, Shelton Color Corporation, from an order of the Supreme Court at Special Term which denied its motion to dismiss the complaint, as to it, for lack of jurisdiction of the person of the defendant (CPLR 3211, subd. [a], par. 8).

The complaint alleges, *inter alia,* unfair competition and copyright violations arising out of the reproduction by appellant of an advertising brochure produced by respondent, with the imprint of respondent's trade name thereon, and the sale by appellant of copies thereof to the defendants Tisch for distribution to the public.  The issue on appeal is tendered by Special Term's determination sustaining the court's jurisdiction on finding that appellant was transacting business within the State within the meaning of paragraph 1 of subdivision (a) of CPLR 302 as constituted at the time of the commencement of the action; which was by service of the summons and the complaint within the State of New Jersey on August 3, 1966; this being, of course, prior to the amendment of CPLR 302 by chapter 590 of the Laws of 1966, effective September 1, 1966. Respondent concedes that the amendment is not applicable.  (See *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 15 N Y 2d 443, 453-454, cert. den. 382 U. S. 905.)

The negotiations leading to the order for the merchandise were initiated by a call made by defendant Tisch from a telephone in New York to appellant's office in Hackensack, New Jersey.  There followed an exchange of letters between the appellant in New Jersey and defendant Tisch, who eventually sent an order by mail to appellant's office.  The order was processed in Hackensack and the merchandise was shipped from that point by mail to defendant Tisch at Schroon Lake, New York.  Appellant's moving affidavit states that appellant is a New Jersey corporation, having its only office and place of business at Hackensack; that since 1962 no employee or salesman has called upon customers or prospective customers in New York and its out-of-State business is done by means of advertising, telephone and mail; and that in this case the "transaction was entirely an interstate one by mail and telephone and the contract accepted and the goods produced wholly in the State of New Jersey."

Respondent's opposing affidavit states without contradiction, however, that appellant "Shelton Color Corporation, maintains a direct telephone line from New York City to its office in Hackensack, New Jersey, which number is listed in the Manhattan Telephone Directory under Shelton Color Corporation and which number is LOngacre 3-1377"; that it "has produced

and is still producing products in the general nature of color postcards '' for a number of New York customers, the affidavit specifying the names and addresses of 26 of them; and that appellant's business with some of them exceeds $50,000 per year.

In our view, Special Term correctly held that appellant '' transact[ed] * * * business within the state '' (CPLR 302, subd. [a], par. 1) and thus became amenable to our process. Concededly, transactions limited to the shipment of goods, with no showing of any other contact with the forum State, do not meet the test thus imposed. (*Kramer* v. *Vogl,* 17 N Y 2d 27.) It is now enough, however, that the defendant '' have certain minimum contacts with it such that the maintenance of the suit does not offend ' traditional notions of fair play and substantial justice.' '' (*International Shoe Co.* v. *Washington,* 326 U. S. 310, 316; *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke, supra.*) Such '' minimum contacts '' are not necessarily to be inferred from the fact that appellant has a substantial business with New York residents but that circumstance may be of some significance when considered with the proof of appellant's maintenance of a New York telephone line to its Hackensack office and its use of a Manhattan telephone number and listing, which facts alone constitute at least a '' minimum contact '' and must certainly be considered '' some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws ''. (*Hanson* v. *Denckla,* 357 U. S. 235, 253.)

The order should be affirmed, with costs.

HERLIHY, REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Order affirmed, with costs.